# Charleston.

PERRY *v.* CAMPBELL'S ADM'R.

*Decided May 1, 1877.*

1877.
January Term.

C. qualified as executor of the estate of S., and at the same time a contest to the probate of the will having taken place, and an appeal having been taken from the judgment of the county court thereon to the circuit court, C. was immediately appointed curator, under chapter one hundred and twenty-two, section twenty-four, Code 1860, and in qualifying as such gave bond with the same sureties as were to the executorial bond; after the dismissal of the appeal by the circuit court, C. having failed to settle his accounts as such fiduciary, upon the motion of his said sureties, he was required to give new bonds under chapter one hundred and thirty-two, Code 1860, both as curator and executor, which he did with new sureties. HELD:

1. That the second bond as curator was a nullity, his functions as curator having ceased at the dismissal of the appeal.

2. That the sureties in the first curatorial bond are responsible for any *devastavit* before the money and personal property were paid and made over to him in his executorial character.

3. That the sureties in the second executorial bond are liable for any *devastavit* committed by him as executor, and under the statute they save harmless the sureties in the first executorial bond.

An appeal from and *supersedeas* to a decree of the circuit court of Monroe county, pronounced on the 23d day of September, 1870, in a cause in chancery then pending in said court, in which John V. Perry and wife, and the said John V. Perry as administrator of James H. Steele, deceased, and others, were plaintiffs, and John

W. Lanius, administrator of Isaac Campbell, deceased, and others, were defendants.

The appeal was granted upon the petition of Caperton Campbell's executrix and Oliver E. Charlton, of the defendants.

A sufficient statement of the case will appear in the opinion of the Court.

Hon. J. M. McWhorter, formerly Judge of the circuit court of Monroe county, rendered the decree appealed from.

*J. F. Patton*, for appellants.

*Samuel Price*, for appellees, referred the Court to the following authorities:

1 R. C., 380, §24; 1 Tuck. Com., 410; *Wynn's ex'or v. Wynn's adm'rs*, 8 Leigh, 264; *Wilson's curator v. Shelton's adm'r*, 9 Leigh, 342; Code of 1860, 54, §24; *Ib.* p. 602-3, §11; *Swope v. Chambers*, 2 Gratt., 319; *Myers et al. v. Wade et al.*, 6 Rand., 444; *Broadus et al. v. Rosson and ux. et al.*, 3 Leigh, 12; 2 Rob. Pr., 377.

MOORE, JUDGE, delivered the opinion of the Court:

Barbara Campbell, as executrix of Caperton Campbell, deceased, and Oliver E. Charlton, filed their petition and obtained from this Court an appeal from and *supersedeas* to a decree of the circuit court of Monroe county, pronounced on the 23d day of September, 1870, in this suit. The history and facts of the cause being clearly and correctly stated in the petition, it may be here adopted, and is substantially as follows:

"An examination of the transcript of the record in this suit will show that in the year 1857 one James Steele departed this life, having first made and published his last will and testament, wherein one Isaac Campbell, now deceased, and Spencer R. Hill, were named executors. At the December term, 1857, of the county court

*Margin:*

Perry
v.
Campbell's
adm'r

of said county, the said Isaac Campbell presented to that court the said will, in order to be proved, whereupon the complainant in this suit and Matilda, his wife, and others opposed the probate of the same. But the court admitted said will to probate, and ordered it to be recorded; and Isaac Campbell was permitted to qualify as executor, and entered into and acknowledged a bond as such in the penalty of $5,000, with Caperton Campbell (since deceased) and Oliver E. Charlton as sureties, the said Hill failing to qualify. From this order admitting said will to probate, the aforementioned contestants took an appeal to the circuit court of said county. The appeal having been so taken, the court appointed the said Isaac Campbell as curator of the said estate, during the pendency of the contest about the will, and he executed a bond as such, with the same sureties and in the same penalty. Upon the motion of the appellants, at the May term, 1868, of said circuit court, the appeal was dismissed. Said Campbell, as charged in the bill of complainants, took charge of the estate of James Steele, deceased, 'in the character of curator.' At the March term, 1859, of the county court of said county, the said fiduciary having failed to settle his account, upon the motion of the said sureties he was required by the court to, and did, execute new bonds, both as curator and executor, with Andrew Campbell and Lewis Campbell as sureties. In December, 1866, the said John V. Perry and Matilda, his wife, with others, filed their bill against Isaac Campbell, administrator, he having died, and Caperton Campbell, and Oliver E. Charlton, and Rutherford R. Houston and wife, alleging that they, together with the said Houston and wife, were the devisees and legatees of James Steele, deceased, and calling for an account of the administration of the said estate by the curator and executor thereof. This bill was subsequently amended, and Andrew Campbell and Lewis Campbell, the sureties upon the second bonds, made parties defendant. There was a demurrer to the bill, which

was overruled by the court. The cause was revived against Barbara Campbell, as executrix of Caperton Campbell, and she and said Charlton filed their answers, in which they set up the execution of the new bonds as a complete bar to any recovery against them. This cause was referred to a commissioner of the court, and after several recommitments upon exceptions filed to the several reports, a report was returned by master commissioner Calloway, made out on the 28th of July, 1870, (to which there was also an exception by the appellants). By this report it appeared that there was a balance due the estate by Isaac Campbell, the *curator*, of $562.15, as of the 15th day of September, 1850, and by him as *executor* the sum of $595.73, as of the same date. Thereupon the said court, on the 23d day of September, 1870, by its decree, overruled the said exception to said report, and decreed that "John V. Perry, administrator of James Steele, deceased, recover against John W. Lanius, administrator of Isaac Campbell, deceased, and the appellants, the sum of $899.44, being principal and interest to date of the balance reported to be due by Isaac Campbell, the *curator* to said estate, and then decreed that said Perry, administrator, &c., recover against said Lanius, administrator, &c., and against *Andrew Campbell and Lewis Campbell*, sureties upon the second *executorial bond* of said Isaac Campbell, the sum of $953.16, being the principal and interest to date of the amount reported as aforesaid to be due from Isaac Campbell, deceased, as *executor* of said estate."

The appellants assigned, in their petition, the following grounds of error:

*First*—The court erred in overruling the demurrer to the complainant's bill.

*Second*—The court erred in decreeing against your petitioners the sum of $899.44, the amount due by Isaac Campbell, as curator, &c., when the sureties of said curator upon his first bond as such, were released from all liability by reason of the execution of the second, with

1877.
January Term.

Perry
v.
Campbell's
adm'r.

other sureties. (*Vide*, §10, 11, 12, ch. 132, page 602-3, Code 1860.)

Upon the argument of the cause upon the trial of this appeal, the question of demurrer was ignored, and I think properly so ; for, after examining the bill, it seems to me that although it might have been drafted in better style, yet it sufficiently presents the case so as to enable the defendants to know what they are required to answer to, and enable the court to decree according to the very right and justice and equity of the cause. The demurrer was properly overruled.

As to the second assignment of error, there is no little embarrassment in declaring the proper rule in such case, as I have been unable to find a precedent or analagous case.

The Code of 1860, chapter one hundred and twenty-two, section twenty-four, pages five hundred and seventy-five and six, after authorizing the appointment of " a curator of the estate of a decedent during a contest about his will," * * * * * * * and the " taking from him bond in a reasonable penalty," further declares that " the curator shall take care that the estate *is not wasted* before the qualification of an executor or administrator. He may demand, sue for, recover and receive all debts due to the decedent, and all his other personal estate, and, likewise, if a will be in contest, any rents and profits of real estate which, if it were established, an executor or administrator with the will annexed, could receive. He shall pay debts, and may be sued in like manner as an executor or administrator, and upon the qualification of an executor or administrator, shall account with him for, and pay and deliver to him, such estate as he has in his hands, or is liable for."

In this case, Isaac Campbell, one of the executors named in the will, gave bond and qualified as executor of James Steele on the same day that the will was admitted to probate, but as a contest was made to the will

at that time, and an appeal was then taken from the judgment of the county court thereon, the said court, by virtue of said statute, immediately appointed the said Isaac Campbell curator of the estate of said James Steele. As executor and curator, Isaac Campbell gave bonds, respectively, with the same sureties, viz: Caperton Campbell and Oliver E. Charlton. The appeal was dismissed at the " May term, 1868,"—the precise day is not stated in the pleading, nor made known by the record. Nevertheless, for the purposes of this part of the decision of the cause, it is sufficient to say, that at the moment the appeal was taken, the executorial functions or powers ceased, and *ex neceesitate* it was proper, in fact, the duty of the court, to appoint a curator. Now it is evident that *per force* the statute, the curatorial functions could only exist *pendente* the appeal; and the instant the appeal was dismissed, the curatorial powers ceased and the executorial functions revived, and at that instant it became the duty of the curator, under the statute, *to account with the executor for, and pay and deliver to him, such estate as he had in his hands or was liable for.*

Such being the requisition of the statute, the question asked, answers this case as to liabilities.

Did Isaac Campbell, as curator, account with Isaac Campbell, as executor, for, and pay and deliver to him, such estate as he had in his hands, or was liable for? Reference to the commissioner's report shows that he did in part, but in part not.

If that commissioner's report be true, then clearly under the statutes and under the principles enunciated in *Myers v. Wade*, 6 Rand., 444; and *Morrow's adm'r v. Peyton's adm'r et al.*, 8 Leigh, 54; Tucker's opinion, page 77; the decree of the circuit court is correct. I do not believe that equity will presume he did that which the statute positively requires him to do, or that the law will intend that he *has done it.* In the language of Judge Tucker, " that he ought to have done it, is most true; and that for omitting to do it, his sureties would be

1877.<br/>January Term.<br/>Perry<br/>v.<br/>Campbell's<br/>adm'r.

responsible, is not less true." Hence, if he committed *devastavit* whilst curator, his sureties in that bond are liable therefor; and the report of the commissioner, to whom the accounts in that respect were referred, will be conclusive of the fact, unless impeached. Was the commissioner's report in this matter impeached? It was not. It was excepted to by Lewis Campbell and Andrew Campbell, the sureties in the second *executorial* bond " because the commissioner charged Isaac Campbell, as executor, with funds and assets which came into his hands as curator, and not as executor;" and the executrix of Caperton Campbell, and Oliver E. Charlton, excepted to the report on the ground that first securities are released by the execution of the second bond; and 'further, that the report holds the *securities* of the curator first responsible for a *devastavit* occurring after they were discharged:"

It appears from the report of the commissioner that he has charged to the curatorial account everything that went into Isaac Campbell's hands as curator, and credited him with what the evidence appeared to show was held in his hands as executor on the 4th of May, 1858, and also with such disbursements as were made by him on account of the estate. As executor, said Campbell was charged with such bonds and other estate of the decedent as were in his hands at the time his curatorial powers ceased; and he is credited with all proper disbursements made by him, and with the amount of bonds received by John V. Perry, administrator *de bonis non* of said Steele, deceased. Of the amount found due the estate from Campbell, as executor, $468.44 appear to be on account of receipts, &c., prior to March 21, 1859, and $127.29 after that period.

I am satisfied that the commissioner has reported as nearly correct as is possible, and there is no objection to the report that it is contrary to the facts proved, but a mere attempt is made by way of exception, to escape by means of a technicality not sustained by law. The court

did right in confirming the report, and although it may not be accurate in all respects, it nevertheless approximates as near the truth and justice of the cause as it is possible to, in consequence of the confused condition of the accounts of said Isaac Campbell as executor and curator.

It is true, that whilst Campbell was acting as curator, he could have been required, under chapter one hundred and thirty-two, section eleven, page six hundred and two, Code 1860, to have given a new bond as such, as he did do as executor upon the notice. But, as argued by the appellees, "when a new bond can be required, the party must still be in office, an actor, whose powers can be checked, whose actions can be restrained, and be prevented from doing any anticipated mischief. It is not a proceeding against a dead man, or against a dead officer. He must be a living man, with a living office." The curatorial functions having expired *eo instanti* that the appeal was dismissed, clearly he could not after that be required to give a new curatorial bond, and, therefore, the second curatorial bond was a nullity. But the executorial powers having been revived by the dismissal of the appeal, he could be required to give a new bond, as executor, under the statute, and that bond would relate back and save harmless, under the statute, the sureties in the first executorial bond, but not the sureties in the curatorial bond. Hence, the circuit court has not erred in adjudicating that the sureties in the first curatorial bond, should be held responsible for any monies or property that went into Isaac Campbell's hands as curator, and not turned over or accounted for to him as executor ; and that the sureties in the last executorial bond should be held responsible for all monies and property that came into his hands as executor, and for which he was liable for *devastavit.*

. I am of opinion that the decree complained of should be affirmed, with costs and damages according to law against the appellant.

DECREE AFFIRMED.